**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **HASKEL PEAK,** | ) | |
| **Petitioner,** | ) | **Civil Action No. 12-94 Erie** |
| | ) | |
| **v.** | ) | **Judge Sean J. McLaughlin** |
| | ) | **Magistrate Judge Susan Paradise Baxter** |
| **BOBBY L. MEEKS,** | ) | |
| **Respondent.** | ) | |


### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I.    RECOMMENDATION

It is respectfully recommended that the petition for a writ of habeas corpus be dismissed with prejudice for lack of subject matter jurisdiction.


## II.    REPORT

### A.    Relevant Background

On April 26, 2006, the petitioner, Haskel Peak, was found guilty by a federal jury of 16 counts of drug crimes, including:  one count of Conspiracy to Distribute Cocaine Base "Crack" and Cocaine, under 21 U.S.C. § 846; five counts of Distribution of Cocaine, pursuant to 21 U.S.C. § 841(a)(1) and (b)(1)(C); seven counts of Distribute in or Near Schools or Colleges, under 21 U.S.C. § 860(a); two counts of Distribution of Cocaine, pursuant to 21 U.S.C. § 841(a)(1) and (b)(1)(B); and, one count of Distribution of Cocaine Base "Crack," under 21 U.S.C. § 841(a)(1) and (b)(1)(A).  On August 16, 2006, the U.S. District Court for the Eastern District of Pennsylvania sentenced Peak to 360 months of imprisonment at each count, to be served concurrently, to be followed by 20 years of supervised release.

Peak filed an appeal with the U.S. Court of Appeals for the Third Circuit in which he argued that the district court committed procedural error by failing to give meaningful consideration to his status as

a career offender, which he contended substantially over-represented the seriousness of his criminal

history. On June 25, 2009, the Third Circuit Court issued an Opinion in which it rejected Peak's claim,

explaining:

> At sentencing, Peak argued that his prior convictions did not render him a career offender under § 4B1.1 of the United States Sentencing Guidelines (USSG). Alternatively, Peak argued that even if he were "technically" a career offender, the District Court should exercise its discretion to sentence him below his Guidelines range of 360 months to life imprisonment.

> The District Court properly gave short shrift to Peak's first argument, because his prior convictions for a felony drug offense and aggravated assault plainly qualified him as a career offender for purposes of § 4B1.1 of the Guidelines. Accordingly, the District Court correctly found that Peak's adjusted Guidelines imprisonment range was 360 months to life based on an offense level of 37 and a criminal history category of VI. After correctly determining Peak's Guidelines range, the District Court stated that it would consider Peak's over-representation argument in conjunction with its analysis of the sentencing factors of 18 U.S.C. § 3553(a). The crux of Peak's appeal is that the District Court failed to do so.

> Our review of Peak's sentencing hearing leads to the conclusion that the District Court committed no procedural error. The District Court acknowledged Peak's over-representation argument, stating that counsel "made a good argument about the sentence, the Guidelines overstating the criminal history, and he made a good argument that under [the] 3553(a) factors, your sentence should be modified." App. 87. Despite acknowledging counsel's efforts, the District Court disagreed, explaining that Peak was a "repeated offender" who earned a good living "poisoning the neighborhoods and the streets of this country." App. 81-82. The District Court also reviewed the applicable § 3553(a) factors and explained why a Guidelines sentence at the bottom of the range was appropriate in Peak's case. In sum, the record reflects due consideration of Peak's individual circumstances within the framework established by Congress in 18 U.S.C. § 3553(a).

> Peak claims that vacatur and remand is required under our decisions in United States v. Sevilla, 541 F.3d 226 (3d Cir. 2008), and United States v. Ausburn, 502 F.3d 313 (3d Cir. 2007). Those cases are factually distinguishable, however. In Ausburn, the defendant appealed a 144-month sentence, which was well above his Guidelines range of 57 to 71 months. When Ausburn objected to the sizeable variance on the grounds that it constituted an unwarranted sentencing disparity, the District Court did not address this "properly presented sentencing argument which ha[d] colorable merit and a factual basis." Ausburn, 502 F.3d at 329. Unlike in Ausburn, here the District Court specifically acknowledged Peak's argument, expressed its explicit disagreement therewith, and explained the reasons why a within-Guidelines sentence was appropriate.

In <u>Sevilla</u>, we vacated and remanded because "the record [did] not indicate that the District Court considered the § 3553(a) factors at [<u>United States v. Gunter</u>] Gunter's [462 F.3d 237 (3d Cir.2006)] step three." <u>Sevilla</u>, 541 F.3d at 232. Instead of addressing Sevilla's colorable arguments regarding his childhood and the crack/powder cocaine disparity, the District Court made a rote statement that it had considered all of the § 3553(a) factors. The District Court made no such rote statement in Peak's case. Accordingly, we see no reason to disturb the judgment below.

<u>United States v. Peak</u>, 335 F.App'x 189, 190-91 (3d Cir. 2009).

Peak subsequently filed with his sentencing court a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. He asserted "three grounds for relief: (1) ineffective assistance of counsel; (2) erroneous mandatory application of the sentencing guidelines; and (3) actual innocence of conviction pursuant to 21 U.S.C. §§ 846 and 841." <u>Peak v. United States</u>, No. 05-cr-510, slip op. at 1 (E.D. Pa. Apr. 20, 2011) (summarizing Peak's § 2255 claims).[1] The court denied the first two claims on the merits. It held that the third claim was procedurally defaulted. It considered and rejected the evidence that Peak had proffered to support his contention that he was "actually innocent." <u>Id.</u> at 7-13. The Third Circuit Court denied Peak's subsequent request for a certificate of appealability on August 11, 2011.

In April of 2012, Peak filed with this Court his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [ECF No. 4]. He raises the following two claims:

Ground One: Actual and factual innocence of violations under 21 U.S.C. § 846, Conspiracy and violations under 21 U.S.C. § 841(a)(1), § 841(b)(1)(A)(iii) and § 841(b)(1)(B)(iii) which involve cocaine base ("crack"). I never possessed or distributed any cocaine base ("crack"). I was never found to be in possession of any cocaine base ("crack"), and the record is devoid of any evidence to demonstrate this. I never agreed to distribute or possess any cocaine base ("crack") with anyone. I never met, planned, agreed with anyone to possess or distribute any cocaine base ("crack") or any substances.

Ground Two: Actual and factual innocence of a sentence as a career offender under the United States Sentencing Commission Guidelines § 4B1.1. My prior conviction from the Commonwealth of Pennsylvania does not qualify for use under the career offender

---

[1]     The sentencing court's April 20, 2011, Opinion is available via PACER. It is docketed as entry number 79 of No. 05-cr-510.

statute. The prior conviction was not confirmed due to the lack of documentations to factually determine whether this prior conviction under Section 17 was authorized under § 4B1.1. The Judge, the Government, the probation department, and my attorney all recognized that the records were not available to determine the prior conviction used to classify and sentence me as a career offender, which Section 17 prohibits such use.

[ECF No. 4 at 7-8]. As relief, Peak seeks, *inter alia*, an Order granting his immediate release from prison. [Id. at 9].

Respondent has filed an Answer in which he asserts that the petition should be dismissed for lack of subject matter jurisdiction. [ECF No. 9]. Specifically, Respondent argues that Peak's claims must be raised in a § 2255 motion filed with his sentencing court, and that he cannot establish that § 2255 provides an inadequate or ineffective remedy, which would enable him to pursue his claims under § 2241. Peak has filed a Reply [ECF No. 13] in which he argues that his claims do fall within the scope of § 2241.

### B. Discussion

### 1. Claims Generally Cognizable In Federal Habeas Corpus Proceedings

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). "Two federal statutes, 28 U.S.C. §§ 2241 & 2255, confer federal jurisdiction over habeas petitions filed by federal inmates." Id. "The 'core' habeas corpus action is a prisoner challenging the authority of the entity detaining him to do so, usually on the ground that his predicate sentence or conviction is improper or invalid." McGee v. Martinez, 627 F.3d 933, 935 (3d Cir. 2010). That type of habeas action is brought before the district court that sentenced the prisoner by way of a motion filed under 28 U.S.C. § 2255. That statute permits a federal prisoner to challenge his judgment of sentence "upon the ground that [it] was imposed in violation of the

Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255. In contrast, § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence," McGee, 627 F.3d at 935, such as, for example, the way in which the Bureau of Prisons is calculating his sentence.

Respondent is correct that this Court must dismiss the petition for want of subject matter jurisdiction because Peak is challenging the validity of his convictions and sentence. Accordingly, the issues raised in the instant petition are not within the jurisdiction of this Court.

### 2. The Savings Clause of 28 U.S.C. § 2255

"On rare occasions it is possible for federal prisoners to attack their convictions and sentence pursuant to § 2241, as opposed to § 2255." B. Means FEDERAL HABEAS MANUAL § 1:29 (June 2012). Section 2255, in what is commonly referred to as its "savings clause" or "safety valve," provides that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained if it appears that the applicant has failed to apply for relief by motion [to vacate sentence pursuant to § 2255], to the court which sentenced him, or that such court has denied him relief, *unless it appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*" 28 U.S.C. § 2255(e) (emphasis added). Thus, a § 2241 petition attacking custody resulting from a federally-imposed sentence may be entertained if the petitioner establishes that the § 2255 remedy is "inadequate or ineffective."

The Third Circuit Court and other courts of appeals have found the remedy under § 2255 to be inadequate or ineffective only in extremely limited circumstances. "A section 2255 motion is not

'inadequate or ineffective' merely because the petitioner cannot meet the stringent gatekeeping requirements of section 2255 [and file another post-conviction motion in the district court where he was convicted and sentenced], <u>Okereke v. United States</u>, 307 F.3d 117, 120 (3d Cir. 2002), or because the sentencing court does not grant relief, <u>Cradle v. United States ex rel. Miner</u>, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam)." <u>David v. Grondolsky</u>, 305 F.App'x 854, 855-56 (3d Cir. 2009) (per curiam). <u>See</u>, <u>e.g.</u>, <u>Young v. Yost</u>, 363 F.App'x 166, 169 (3d Cir. 2010) (per curiam) ("Section 2255 is not 'inadequate or ineffective' merely because the [court of appeals] denied [the petitioner] permission to file a second or successive § 2255 motion raising his present claim."). "Rather, the 'safety valve' provided under section 2255 is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime *later deemed to be non-criminal by an intervening change in law*." <u>David</u>, 305 F.App'x at 856 (emphasis added).

In the Third Circuit, the seminal case on the application of § 2255's savings clause is <u>In re Dorsainvil</u>, 119 F.3d 245 (3d Cir. 1997). Dorsainvil was convicted, *inter alia*, of using a gun in connection with a drug crime. He was so convicted notwithstanding that he did not "use" the gun but the gun was merely present in the car from which the drugs were to be bought. Subsequent to him exhausting his appeals and litigating a § 2255 motion, the Supreme Court, in <u>Bailey v. United States</u>, 516 U.S. 137 (1995), construed the criminal statute under which Dorsainvil was convicted to exclude from the ambit of the statute mere presence of a gun at a drug crime, thus arguably rendering him actually innocent of the crime of using a gun in connection with a drug offense.

Post <u>Bailey</u>, Dorsainvil filed an application in the Third Circuit Court in which he sought leave to file in the district court a second or successive § 2255 motion. The court denied him leave to do so, noting that he did not come within the gatekeeping requirements of the Antiterrorism and Effective

Death Penalty Act of 1996 ("AEDPA").  However, the court concluded that he had established the

inadequacy of § 2255 so as to bring his § 2241 petition:

> Dorsainvil argues that the safety-valve provision of § 2255 covers his situation because
> he seeks to challenge his conviction on a second § 2255 petition based on an intervening
> decision by the Supreme Court.  A similar case "involv[ing] the availability of collateral
> relief from a federal criminal conviction based upon an intervening change in substantive
> law" came before the Supreme Court in Davis v. United States, 417 U.S. 333, 334 (1974).
> In that case, the Court stated that a Supreme Court decision interpreting a criminal statute
> that resulted in the imprisonment of one whose conduct was not prohibited by law
> "presents exceptional circumstances where the need for the remedy afforded by the writ
> of habeas corpus is apparent." Id. at 346 (internal quotations omitted).  The Court held
> that "if [petitioner's] contention is well taken, then [his] conviction and punishment are
> for an act that the law does not make criminal.  There can be no room for doubt that such
> a circumstance inherently results in a complete miscarriage of justice and present(s)
> exceptional circumstances that justify collateral relief under § 2255." Id. at 346-47
> (internal quotations omitted); see also United States v. Addonizio, 442 U.S. 178, 186-87,
> (1979) (discussing Davis and observing that a refusal to have vacated his sentence
> "would surely have been a 'complete miscarriage of justice,' since the conviction and
> sentence were no longer lawful").

> The decision in Davis that § 2255 was broad enough to cover a defendant imprisoned for
> a crime that an intervening decision negates does not govern Dorsainvil's motion before
> us only because he has brought his claim for relief on a second § 2255 motion [subject to
> the gatekeeping provisions of AEDPA].  In the earlier part of this opinion, we construed
> the AEDPA to preclude our certification of a second § 2255 motion that relied on the
> intervening decision in Bailey as a basis for certification.  Thus, Dorsainvil does not have
> and, because of the circumstance that he was convicted for a violation of § 924(c)(1)
> before the Bailey decision, never had an opportunity to challenge his conviction as
> inconsistent with the Supreme Court's interpretation of § 924(c)(1).  If, as the Supreme
> Court stated in Davis, it is a "complete miscarriage of justice" to punish a defendant for
> an act that the law does not make criminal, thereby warranting resort to the collateral
> remedy afforded by § 2255, it must follow that it is the same "complete miscarriage of
> justice" when the AEDPA amendment to § 2255 makes that collateral remedy
> unavailable.  In that unusual circumstance, the remedy afforded by § 2255 is "inadequate
> or ineffective to test the legality of [Dorsainvil's] detention."

> There is no reason why § 2241 would not be available under these circumstances,
> provided of course that Dorsainvil could make the showing necessary to invoke habeas
> relief, an issue for the district court.

Dorsainvil, 119 F.3d at 250-51.

"Put another way," under the narrow holding of <u>Dorsainvil</u>, "§ 2255 is inadequate and ineffective to test the legality of a conviction when:  (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law."  <u>Trenkler v. Pugh</u>, 83 F.App'x 468, 470 (3d Cir. 2003).[2]

This case does not fall within the narrow constraints enunciated in <u>Dorsainvil</u>.  Because a challenge to the validity of a conviction or sentence must be brought pursuant to § 2255 in the court which imposed the sentence (here, the U.S. District Court for the Eastern District of Pennsylvania), and because Peak cannot demonstrate that such a remedy would be inadequate or ineffective, this Court is without jurisdiction to consider his § 2241 petition and, therefore, it must be dismissed.

### C.    Certificate of Appealability

28 U.S.C. § 2253 codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition.  Federal prisoner appeals from the denial of a habeas corpus proceeding are not governed by the certificate of appealability requirement. <u>United States v. Cepero</u>, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B).  As such, this Court makes no certificate of appealability determination in this matter.

---

[2]    The Third Circuit Court has noted that "we do not foreclose the possibility that <u>Dorsainvil</u> could be applied to a petitioner who can show that his or her sentence would have been lower but for a change in substantive law made after exhaustion of the petitioner's direct and collateral appeals under § 2255."  <u>Pollard v. Yost</u>, 406 F.App'x 635, 638 (3d Cir. 2011).

### III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus be dismissed with prejudice.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation.  Failure to do so will waive the right to appeal.  <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n.7 (3d Cir. 2011).


September 18, 2012                          /s/ Susan Paradise Baxter
                                           SUSAN PARADISE BAXTER
                                           United States Magistrate Judge


cc:     The Honorable Sean J. McLaughlin
        United States District Judge