IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HASKEL PEAK,** | ) | |
| Petitioner, | ) | Civil Action No. 12-94 Erie |
| | ) | |
| v. | ) | Judge Sean J. McLaughlin |
| | ) | Magistrate Judge Susan Paradise Baxter |
| **BOBBY L. MEEKS,** | ) | |
| Respondent. | ) | |

## MEMORANDUM ORDER

**SEAN J. McLAUGHLIN, District Judge.**

Before the Court is a Motion For Reconsideration filed by the petitioner, Haskel Peak, under Rule 59(e) of the Federal Rules of Civil Procedure. [ECF No. 17]. For the reasons that follow, the motion is denied.

### I.

**A.    Relevant Background**

In 2006, a federal jury found Peak guilty of numerous drug crimes, including: one count of Conspiracy to Distribute Cocaine Base "Crack" and Cocaine, under 21 U.S.C. § 846; five counts of Distribution of Cocaine, under 21 U.S.C. § 841(a)(1) and (b)(1)(C); seven counts of Distribution in or Near Schools or Colleges, under 21 U.S.C. § 860(a); two counts of Distribution of Cocaine, under 21 U.S.C. § 841(a)(1) and (b)(1)(B); and, one count of Distribution of Cocaine Base "Crack," under 21 U.S.C. § 841(a)(1) and (b)(1)(A). The U.S. District Court for the Eastern District of Pennsylvania sentenced him to 360 months of imprisonment at each count, to be served concurrently.

Peak filed an appeal with the U.S. Court of Appeals for the Third Circuit in which he argued that the district court committed procedural error by failing to give meaningful consideration to his status as a career offender, which he contended substantially over-represented the seriousness of his criminal history. On June 25, 2009, the Third Circuit Court denied Peak's appeal. It held: "The District Court properly gave short shrift to Peak's … argument, because his prior convictions for a felony drug offense and aggravated assault plainly qualified him as a career offender for purposes of § 4B1.1 of the Guidelines. Accordingly, the District Court correctly found that Peak's adjusted Guidelines imprisonment range was 360 months to life based on an offense level of 37 and a criminal history category of VI." United States v. Peak, 335 F.App'x 189, 190-91 (3d Cir. 2009).

Peak subsequently filed with the District Court for the Eastern District of Pennsylvania a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. He asserted "three grounds for relief: (1) ineffective assistance of counsel; (2) erroneous mandatory application of the sentencing guidelines; and (3) actual innocence of conviction pursuant to 21 U.S.C. §§ 846 and 841." Peak v. United States, No. 05-cr-510, slip op. at 1 (E.D. Pa. Apr. 20, 2011) (summarizing Peak's § 2255 claims). The court denied the first two claims on the merits and held that the third claim was procedurally defaulted. It considered and rejected the evidence that Peak had proffered to support his contention that he was "actually innocent." Id. at 7-13. The Third Circuit Court denied Peak's subsequent request for a certificate of appealability on August 11, 2011.

In April of 2012, Peak filed with this Court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [ECF No. 4]. He raised the following claims, which appear to be the same as or substantially similar to those that he raised on direct appeal and/or in his § 2255 proceeding:

> Ground One: Actual and factual innocence of violations under 21 U.S.C. § 846, Conspiracy and violations under 21 U.S.C. § 841(a)(1), § 841(b)(1)(A)(iii) and § 841(b)(1)(B)(iii) which involve cocaine base ("crack").

2

>Ground Two: Actual and factual innocence of a sentence as a career offender under the United States Sentencing Commission Guidelines § 4B1.1.

[ECF No. 4 at 7-8]. As relief, Peak sought an order from this Court directing that he be released from prison. [Id. at 9].

On October 5, 2012, after *de novo* review of the petition and documents in the case, together with the Report and Recommendation and Peak's Objections thereto, the Court issued a Memorandum Order in which it dismissed the petition for lack of subject matter jurisdiction and adopted the Report and Recommendation as the opinion of the Court. [ECF Nos. 14-16]. We explained, "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). "Two federal statutes, 28 U.S.C. §§ 2241 & 2255, confer federal jurisdiction over habeas petitions filed by federal inmates." Id. "The 'core' habeas corpus action is a prisoner challenging the authority of the entity detaining him to do so, usually on the ground that his predicate sentence or conviction is improper or invalid." McGee v. Martinez, 627 F.3d 933, 935 (3d Cir. 2010). That type of habeas action is brought before the district court that sentenced the prisoner by way of a motion filed under 28 U.S.C. § 2255, which permits a federal prisoner to challenge his judgment of sentence "upon the ground that [it] was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" In contrast, 28 U.S.C. § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence," McGee, 627 F.3d at 935, such as, for example, the way in which the Bureau of Prisons is computing his sentence. See, e.g., Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990). See also B. Means FEDERAL HABEAS MANUAL § 1:29

3

(June 2012). Because Peak was challenging the validity of his convictions and sentence, we concluded that this Court did not have jurisdiction to consider his claims.

We recognized that on rare occasions federal prisoners may attack their convictions and sentence pursuant to § 2241 but held that Peak's case did not present the "uncommon situation" in which a prisoner would be permitted to do so. In re Dorsainvil, 119 F.3d 245, 248 (3d Cir. 1997). We explained that § 2255, in what is commonly referred to as its "savings clause" or "safety valve," provides that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained if it appears that the applicant has failed to apply for relief by motion [to vacate sentence pursuant to § 2255], to the court which sentenced him, or that such court has denied him relief, *unless it appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*" 28 U.S.C. § 2255(e) (emphasis added). The Third Circuit Court has held that a § 2255 motion is not "inadequate or ineffective" merely because, as is the case with Peak, the prisoner cannot meet the stringent gatekeeping requirements of the Antiterrorism and Effective Death Penalty Act of 1996 and file a successive § 2255 motion. In re Dorsainvil, 119 F.3d at 251. See, e.g., Young v. Yost, 363 F.App'x 166, 169 (3d Cir. 2010) (per curiam). The same is true when, as is the case with Peak, the prisoner was not granted relief on his claims when he raised them on direct appeal or in his previous § 2255 proceeding. See, e.g., Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam) ("Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief[.]").

In the Third Circuit, the seminal case on the application of § 2255's savings clause is In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). In that case, the Third Circuit Court held that the "safety valve" provided under § 2255 is extremely narrow and applies in the "uncommon situation" in which "a prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening

4

change in substantive law may negate[.]" In re Dorsainvil, 119 F.3d at 248, 251. "Put another way," under the narrow holding of In re Dorsainvil, "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 [regarding the filing of a successive motion] because the new rule is not one of constitutional law." Trenkler v. Pugh, 83 F.App'x 468, 470 (3d Cir. 2003). See also Pollard v. Yost, 406 F.App'x 635, 638 (3d Cir. 2011) ("we do not foreclose the possibility that Dorsainvil could be applied to a petitioner who can show that his or her sentence would have been lower but for a change in substantive law made after exhaustion of the petitioner's direct and collateral appeals under § 2255.").

Peak did not argue that subsequent to his direct appeal and his first § 2255 motion there was a change in the substantive law that rendered him innocent of either his convictions or sentence. He argued that § 2255's remedy was inadequate or ineffective because "the trial and sentencing court did not afford me a fact-finding hearing, and there is no other means of having my claims heard." [ECF No. 4 at 6; ECF No. 13]. We rejected that argument because it was not sufficient to support a finding that § 2255's remedy was inadequate or ineffective under In re Dorsainvil and its progeny.

**II.**

Peak has filed a motion under Rule 59(e) in which he asks the Court to reconsider its conclusion that he failed to demonstrate that § 2255's remedy was inadequate or ineffective. The standard for obtaining relief under Rule 59(e) is difficult for a party to meet:

5

> The scope of a motion for reconsideration, we have held, is extremely limited. Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence. Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc., 602 F.3d 237, 251 (3d Cir. 2010). "Accordingly, a judgment may be altered or amended [only] if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [dismissed the petition for writ of habeas corpus]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id. (quotation marks omitted) (emphasis added).

Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011).

Peak has not demonstrated that he is entitled to relief under Rule 59(e). There has been no intervening change in the controlling law or the discovery of new evidence since this Court issued its final judgment in this case. Nor has Peak established a "need to correct a clear error or to prevent manifest injustice." He argues once again that the Court should conclude that the § 2255 remedy is inadequate or ineffective because the U.S. District Court for the Eastern District of Pennsylvania allegedly failed to have a hearing on his claims. [ECF No. 3]. Thus, what he actually is doing is attempting to relitigate issues already finally decided by this Court. A motion for reconsideration, however, may not be used as a "second bite at the apple." A movant who fails in the first attempt to persuade a court to adopt its position may not use a subsequent motion for alter the final judgment in order to rehash arguments already made and rejected, or to raise new arguments that he previously failed to raise before the court when the matter at issue was being decided. Blystone, 664 F.3d at 415-16; Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995); Williams v. City of Pittsburgh, 32 F.Supp.2d 236, 238 (W.D. Pa. 1998).

In conclusion, no argument that Peak makes in the instant motion warrants reconsideration of this Court's decision to dismiss his petition for lack of jurisdiction.

6

**III.**

Accordingly, this 29th day of **January, 2013**, it is hereby **ORDERED** that the Petitioner's Motion for Reconsideration [ECF No. 17] shall be, and hereby is, **DENIED**.


         s/      <u>Sean J. McLaughlin</u>

               Sean J. McLaughlin
               United States District Court Judge
               Western District of Pennsylvania


cm:    All parties of record
        U.S. Magistrate Judge Susan Paradise Baxter